IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ZENAS TILLIS                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 5:15cv18-MTP

MANAGEMENT TRAINING CORP., ET AL.                                         DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [16] filed by Defendants Tira Jackson, Management Training Corporation, Frank Shaw, and Gabriel Walker. Having considered the motion and applicable law, the Court finds that the Motion [16] should be GRANTED and this matter dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff Zenas Tillis, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Tillis filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about February 11, 2015. In his Complaint, Tillis makes alleges regarding the conditions of his confinement. Specifically, Tillis complains of excessive "lockdown" periods, problems with heating and cooling, problems with plumbing, unsanitary conditions, insufficient lighting, excessive noise, and inadequate opportunities to shower or exercise. He also complains that WCCF is understaffed, resulting in violence among the inmates.[1]

Defendants filed their motion for summary judgment on July 14, 2015, in which they assert

---

[1]*See* generally Complaint [1].

that this matter should be dismissed because Tillis failed to exhaust his administrative remedies.[2] The parties appeared and participated in a *Spears*[3] hearing on July 29, 2015, where the Court heard arguments regarding the Defendants' motion and ordered Tillis to respond.[4] The Court also issued a written order to the same effect, which cautioned Tillis that if he did not respond on or before August 11, 2015, Defendants' motion for summary judgment would be considered without a response.[5] This deadline has now expired without any submission from Tillis.

## STANDARD

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not

---

[2]*See* Motion for Summary Judgment [16] and Supporting Memorandum [17].

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[4]*See* Minute Entry dated 7/29/2015.

[5]*See* Order [19].

"assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## **ANALYSIS**

Defendants claim that this matter should be dismissed because Tillis failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filings grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation, rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit

takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Cannady v. Epps*, No 3:04cv107-HTW-JCS, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006).

The Court finds that Tillis has failed to properly exhaust his claims. Defendants offer the sworn affidavit of Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF. In her affidavit, Fountain avers that Tillis has filed only one ARP while incarcerated at

WCCF, WCCF-15-150, which does not include any complaints regarding living conditions.[6] Instead, Grievance WCCF-15-150 appears to concern property that Tillis claims was lost or confiscated.[7]

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Because WCCF-15-150 does not address the allegations contained in Tillis's complaint, he cannot argue that he properly exhausted his claims through that particular grievance. Furthermore, Defendants have submitted records that reflect Tillis had only been at WCCF for approximately one week at the time he filed his complaint, a considerably short of period of time in which to complete the two-step MDOC grievance process.[8] As outlined above, Tillis has failed to respond to Defendants' summary judgment motion, despite being ordered by this Court to do so, and has not offered any evidence contradicting his ARP records.

Furthermore, Tillis has not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable. In his complaint, Tillis writes: "ARPS are sometimes ignored or thrown away by officers making completion impossible."[9] However, Tillis offers no evidence in support of this assertion, and as outlined above, he makes no such argument in response to the motion for summary judgment.

Exceptions to the exhaustion requirement are appropriate where the available administrative

---

[6] *See* Affidavit of Janice Fountain [16-1] at 1-2.

[7] *See* ARP Records [16-1] at 4-7.

[8] *See* Drill Down Detail Report [16-2] at 9.

[9] *See* Complaint [1] at 3.

5

remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

The Court finds that Tillis has failed to carry his burden, as an unsupported assertion that WCCF officers sometimes ignore or dispose of grievances falls far short of the "extraordinary circumstances" required in order for an exception to the exhaustion requirement to apply. Accordingly, for these reasons, the Court finds that Defendants are entitled to judgment as a matter of law, and that this matter should be dismissed without prejudice.

IT IS, THEREFORE, ORDERED:

1. That the Motion for Summary Judgment [16] filed by Defendants Tira Jackson, Management Training Corporation, Frank Shaw, and Gabriel Walker is GRANTED;

2. That this matter is hereby dismissed without prejudice; and

3. That a separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 4th day of September, 2015.

s/ Michael T. Parker
United States Magistrate Judge